**Dilpreet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71975.
Agency No. A76–841–903.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

Emmanuel Enyinwa, Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle Jentzer, Office of Immigration Litigation, Terri J. Scadron, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Dilpreet Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming, without opinion, the Immigration Judge's ("IJ") ruling which denied his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum, and will uphold the decision unless the evidence compels a contrary result. *See Lata v. INS,* 204 F.3d 1241, 1244, 45 (9th Cir.2000). We grant the petition.

The IJ's adverse credibility finding that Singh failed to mention on direct examination or in his affidavit that the police who arrested and tortured him in September 1997 also made death threats against his brother is not a material omission that goes to the heart of his asylum claim. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111–12 (9th Cir.2002) (concluding it is improper to invoke adverse credibility finding based on minor omission).

Moreover, Singh's inconsistent statements regarding his relative's membership in the political group Babar Khalsa are immaterial to Singh's claim that he was persecuted because the police believed that Singh's relative belonged to the group. *See Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996) (stating that "[m]inor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding"). Likewise, Singh's purported discrepant testimony regarding the date of his second arrest and the name of the doctor who treated him do not go to the heart of his asylum claim. *See id.*

Finally, the IJ failed to provide a legitimate articulable basis for disbelieving Singh's explanation about whether he was charged with a crime. *See id.*

Because the IJ's adverse credibility determination was not supported by substantial evidence, we remand to the BIA for further proceedings and to determine whether, viewing Singh's testimony as credible, Singh has made out a claim for past persecution. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.